```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

PERRY JOHNSON,

                Petitioner,

vs.                            Case No.   2:06-cv-65-FtM-29DNF
                                        Case No.   2:03-cr-31-FtM-29DNF

UNITED STATES OF AMERICA,

                Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (Doc. #1)[1] and a Memorandum of Law (Doc. #2), both filed on January 30, 2005.  The United States' Response (Doc. #7) was filed on March 29, 2006, and petitioner's Traverse In Reply (Doc. #10) was filed on May 5, 2006.

### I.

Petitioner Perry Johnson (petitioner or Johnson) was charged in a six-count Indictment with the following offenses: Count One, armed bank robbery of the Royal Palm Bank; Count Two, using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence (the Royal Palm Bank robbery); Count Three, armed bank robbery of the AmSouth Bank;

---

[1]Docket numbers referring to the criminal case are cited as (Cr. Doc.) and docket numbers referring to the civil case are cited as (Doc.).

Count Four, using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence (AmSouth Bank robbery); Count Five, using and carrying explosive pipe bombs in relation to the AmSouth Bank robbery and possession of explosive pipe bombs in furtherance of the AmSouth Bank robbery; and Count Six, possession of unregistered explosive pipe bombs. (Cr. Doc. #21.)  In due course petitioner was convicted by a jury of all counts.  (Cr. Doc. #121.)  Petitioner was sentenced to imprisonment of 135 months as to Counts One and Three; 120 months on Count Six concurrently with Counts One and Three; 120 months on Count Two, consecutively to Counts One, Three, and Six; and life on Count Five, consecutively to Counts One, Two, Three and Six.  (Cr. Doc. #137.)  Count Four was dismissed on the motion of the government at the time of sentencing.

Petitioner filed a direct appeal, arguing that the district court should have granted his motion for judgment of acquittal as to Count Five because no reasonable jury could have found the evidence sufficient to convict.  The Eleventh Circuit rejected this argument and affirmed petitioner's conviction and sentence.  (Cr. Doc. #158.)  United States v. Johnson, 134 Fed. Appx. 284 (11th Cir. 2005).

Petitioner's timely § 2255 motion was filed on January 30, 2006.  Petitioner raises the following issues: (1) Ineffective assistance of counsel for failing to object to a sentence which was increased in violation of Apprendi v. New Jersey, 530 U.S. 446

-2-

(2000) and Ring v. Arizona, 536 U.S. 584 (2000); and (2) Structural error because Counts Four and Five were submitted to the jury and then Count Four was dismissed on the government's motion at sentencing because of double jeopardy concerns.

## II.

Petitioner's ineffective assistance of counsel issue relates to the sentence imposed on his bank robbery convictions, Counts One and Three.  Petitioner argues that his Base Offense Level of 20 was improperly increased due to several Sentencing Guidelines enhancements which were based upon facts not found by the jury, in violation of Apprendi and Ring.  Petitioner asserts that under Apprendi his maximum sentence was 46 months imprisonment, but that this was increased to 135 months based on factors not found by the jury in its verdicts.  The failure to raise the Apprendi objections at sentencing and on appeal, petitioner argues, resulted in constitutionally ineffective assistance of counsel both at the trial court level and on appeal.  Based upon this, petitioner claims an entitlement to be re-sentenced.

## A.

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so.  Massaro v. United States, 538 U.S. 500 (2003).  The Supreme Court established a two-part test for determining whether a convicted person is entitled to

habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See also Rompilla v. Beard, 545 U.S. 374 (2005); Wiggins v. Smith, 539 U.S. 510 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same Strickland deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must

examine the merits of the claim omitted on appeal.  If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice.  Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997).  Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel.  Diaz v. Secy Dept. Of Corr., 402 F.3d 1136, 1144-45 (11th Cir.), cert. denied, 546 U.S. 1064 (2005).

**B.**

Petitioner asserts that the sentence of 135 months imprisonment on Counts One and Three, the two armed bank robbery counts, violated Apprendi because the sentences exceeded the "statutory maximum."  Petitioner wrongfully equates his Sentencing Guidelines base offense level with the statutory maximum sentence.

In Apprendi the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490. In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court clarified that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. [ ]  In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts,

but the maximum he may impose *without* any additional findings." Blakely, 542 U.S. at 303 (emphasis in original)(citations omitted). See also Cunningham v. California, 127 S. Ct. 856, 864-65 (2007). In this case, the "statutory maximum" was 300 months imprisonment.

In Count One petitioner was charged with robbing the Royal Palm Bank by the use of a dangerous weapon in violation of 18 U.S.C. §§ 2113(a) and 2113(d). In Count Three petitioner was charged with robbing the AmSouth Bank by use of a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) and 2113(d). The statutory maximum penalty for each offense was 25 years (300 months) imprisonment. 18 U.S.C. § 2113(d). As to each count, the jury was instructed that they must find all facts beyond a reasonable doubt, including the use of a dangerous weapon. (Cr. Doc. #126, pp. 9-11.) The jury convicted petitioner of Counts One and Three as charged. (Cr. Doc. #121.) Thus, without any additional factual findings by the judge, the statutory maximum penalty was 25 years imprisonment. Petitioner received concurrent sentences of 135 months as to these counts, far below the statutory maximum. Thus, there was no Apprendi or Blakely error at the sentencing, no issue to raise on appeal, and no ineffective assistance of counsel at either the trial court level or on appeal.

**III.**

Petitioner asserts that structural error occurred at trial because the jury was allowed to consider both Count Four (using and

carrying firearms, i.e., two pistols, during and in relation to the AmSouth Bank robbery) and Count Five (using and carrying firearms, i.e., explosive pipe bombs, during and in relation to the AmSouth Bank robbery) in violation of his right against double jeopardy. The Court finds this issue is procedurally defaulted and, in the alternative, that no error of any kind was committed.

**A.**

It is well settled that a motion under § 2255 is an extraordinary remedy and will not be allowed to substitute for a direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). This is because "[o]nce a defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). Generally a defendant must assert an available issue on direct appeal or be procedurally barred from raising the issue in a § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989), cert. denied 494 U.S. 1018 (1990). An issue is "available" on direct appeal when its merits can be reviewed without further factual development. Mills, 36 F.3d at 1055.

Where an issue which could have been raised on appeal is not pursued, it will not be considered in a § 2255 proceeding absent a

showing of cause and actual prejudice from the errors of which she complains, or actual innocence. Bousley, 523 U.S. at 622; Frady, 456 U.S. at 167-68; Mills, 36 F.3d at 1055. Cause for a procedural default may be established if petitioner can show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule," or that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997). To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. This means factual innocence, not mere legal insufficiency. Bousley, 523 U.S. at 623-24.

The double jeopardy issue was available to petitioner on direct appeal but was not raised. Petitioner has not shown cause and actual prejudice for the failure to raise this issue, and has not shown actual innocence of the underlying conduct in Count Five. For the reasons stated below, there was no ineffective assistance of counsel in failing to raise the issue. The issue is therefore procedurally defaulted.

**B.**

Petitioner asserts that structural error was committed by allowing both Counts Four and Five to be submitted to the jury, which violated petitioner's rights under the double jeopardy clause

of the Fifth Amendment.  Petitioner asserts that the Court should have vacated the convictions on both counts, instead of allowing Count V to stand.

A structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself," <u>Arizona v. Fulminante</u>, 499 U.S. 279, 310 (1991), and has been found "only in a 'very limited class of cases.'" <u>Neder v. United States</u>, 527 U.S. 1, 8 (1999)(citations omitted). Assuming the issue is not procedurally defaulted, the Court alternatively finds that no error was committed, let alone structural error.

The jury convicted petitioner of both Counts Four and Five. Count Four charged petitioner and his co-defendant with using two pistols (i.e., two "firearms" as defined by the statute) during the robbery of the AmSouth Bank; Count Five charged petitioner and his co-defendant with using explosive pipe bombs (which are also within the statutory definition of "firearm") during the same robbery of the AmSouth Bank.  By its verdicts the jury found petitioner robbed the AmSouth Bank using both the pistols and the explosive pipe bombs.  At sentencing defense counsel moved to dismiss Count Four because Eleventh Circuit case law established it would violate double jeopardy if petitioner was sentenced on both counts, i.e., for using separate firearms during the same bank robbery.  The government agreed, and moved to dismiss Count Four, to which defendant did not object.  (Cr. Doc. #150, pp. 4-8.)  Allowing the

-9-

government to elect which count should be dismissed, and sentencing petitioner only on the remaining count, fully complied with the Eleventh Circuit authority.  United States v. Hamilton, 953 F.2d 1344, 1346 (11th Cir.), cert. denied, 506 U.S. 1020 (1992).  There was nothing about allowing the jury to decide which, if any, firearms were used to rob the bank which constituted error.  The only error would have been to sentence petitioner on both counts, but this did not occur.  Accordingly, it is now

**ORDERED**:

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (Doc. #1) is **DENIED**.  A copy of this Opinion and Order shall be placed in the criminal file.

2.  The Clerk of the Court shall enter judgment in the civil case accordingly and close the civil file.  The Clerk is further directed to file a certified copy of the judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of August, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Perry Johnson